**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)**

| | | |
|---|---|---|
| **ROSEBUD ENTERTAINMENT, LLC** | * | |
| **Plaintiff** | * | |
| **v.** | * | |
| **PROFESSIONAL LAMINATING LLC** | | **CASE NO.: 1:12-cv-425-WDQ** |
| **et. al.,** | * | |
| **Defendants** | * | |

   *    *    *    *    *    *    *    *    *    *    *

## AMENDED COMPLAINT FOR COPYRIGHT AND TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION

Plaintiff, Rosebud Entertainment, LLC ("Rosebud"), by and through its attorneys, sues the Defendants, Professional Laminating LLC, William Oertel, and Barbara Oertel, for copyright infringement, trademark infringement and unfair competition and pleads and alleges as follows:

### I. THE PARTIES

1.  Plaintiff Rosebud is a Maryland corporation with a principal place of business located at 1966 Greenspring Drive, Timonium, Maryland 21093. Rosebud is in the business of publishing a periodical by print and electronic means entitled BALTIMORE magazine and marketing, selling and distributing the periodical to subscribers located throughout Maryland under the trademark BALTIMORE magazine.

2.  Defendant Professional Laminating LLC ("Professional Laminating") is a North Carolina limited liability company with a principal place of business located at 233 East Johnson Street, Suite M, Cary, North Carolina 27513. Defendant is in the business of designing and manufacturing customized, laminated plaques containing pages from

copyrighted third-party newspaper or magazine articles and marketing, selling and distributing the plaques, as well as other commemorative objects featuring third-party trademarks and/or copyrighted material, to people and companies that have been featured in the newspaper or magazine articles.

3.      Defendants William Oertel and Barbara Oertel (collectively, "the Oertels") are residents of Cary, North Carolina, and upon information and belief, the Oertels are the principal owners of Professional Laminating.

## II.  JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over Rosebud's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) and (b) in that this case arises under the copyright laws of the United States (17 U.S.C. §§ 101, *et seq.*) and the trademark laws of the United States (15 U.S.C. §§ 1051, *et seq.*).  This Court may also exercise its supplemental jurisdiction over the state law claim asserted in this action pursuant to 28 U.S.C. § 1367(a).

5.      Personal jurisdiction in this judicial district over the Defendants is proper pursuant to Maryland's Courts & Judicial Proceedings Article § 6-103(b)(1), (2), (3) and (4) and the Due Process Clause of the Fifth Amendment and Fourteenth Amendment in that Defendants regularly solicit and conduct business with Maryland residents and purposefully market and direct their infringing products to Maryland residents by way of conduct including, but not necessarily limited to, directly targeting Maryland residents by mail and soliciting their business by previewing to them and offering for sale Defendants' infringing products.

6.     Venue in this District is proper pursuant to 28 U.S.C. §§ 1391(b) and (c) in that all Defendants regularly solicit and conduct business with residents of this District and purposefully market and direct their infringing products to residents of this District by way of conduct including, but not necessarily limited to, directly targeting those residents by mail and soliciting their business by previewing to them and offering for sale Defendants' infringing products. Defendants' infringing products are likely to cause confusion among residents of this District.

### III. <u>FACTUAL BACKGROUND</u>

### A. <u>Rosebud's Business</u>

7.     Rosebud is the publisher of the monthly periodical BALTIMORE magazine, a subscription-based publication celebrating Baltimore since 1907.

8.     Rosebud's periodical regularly features local businesses and professionals and often honors and imparts accolades upon the businesses and their products and the professionals and their services.  Rosebud offers for sale to its readers reprints of its articles as well as plaques and banners.

9.     Rosebud is responsible for the creation, development, and production of each issue of BALTIMORE magazine, which issues have significant value and have been produced and created at considerable expense.

10.     Rosebud conducts its business and markets its periodical and related services under the trademark BALTIMORE magazine, which mark has been in continuous use since 1907.  The mark is distinctive and protectable under federal and state law.

11.     Each issue of Rosebud's periodical contains a notice advising the reader that BALTIMORE magazine is a trademark of Rosebud.

12.     At all relevant times hereto, Rosebud has and continues to be the owner of the pertinent copyrights for each issue of BALTIMORE magazine, including the November 2010 issue, which was registered with the Register of Copyrights, and the November 2011 issue, the registration for which was filed with the Register of Copyrights on or about November 14, 2011.

13.     Each issue of Rosebud's periodical contains a copyright notice advising the reader that the publication is protected by the copyright laws of the United States and that reproduction without permission is prohibited.

## B. Defendants' Business

14.     Defendants design and manufacture customized, laminated plaques for people and companies featured in newspaper and magazine articles as well as other commemorative products, such as "crystal" display pieces.

15.     Defendants create their products by using a tear sheet from a periodical that they fabricate into a laminated plaque or other commemorative piece, resulting in a different product than the underlying newspaper or magazine.

16.     Defendants' marketing scheme is to reproduce a tear sheet and to distribute by mail a mock-up of a plaque or other commemorative product depicting the tear sheet to persons who are featured in the magazine soliciting these persons to purchase the product.

17.     The mock-ups and the actual commemorative products sold by Defendants prominently feature a publisher's trademark, such as BALTIMORE magazine in the case of Rosebud.

## C. Defendants' Infringing Activities Regarding November 2011 Issue

18.     Defendants have marketed their products to Maryland residents featured in Rosebud's BALTIMORE magazine.  Attached as **Exhibit A** is a mailing dated October 28, 2011 from Defendants to a Maryland company featured in BALTIMORE magazine.

19.     Exhibit A contains images of plaques and other commemorative products that Defendants offer to sell for $129.00 each.

20.     The images of the plaques and other commemorative products contain reproductions of the cover to Rosebud's November 2011 publication (Volume 104, Issue number 11) and use Rosebud's trademark, BALTIMORE magazine.

21.     The original of the reproduced cover, along with the entirety of Volume 104, Issue number 11, were duly filed for registration, along with the requisite fee, with the United States Copyright Office on or about November 14, 2011.

22.     Defendants reproduced and distributed the cover contained in the mock-up plaques and commemorative products displayed in Exhibit A without Rosebud's permission.

23.     Creating the commemorative products from tear sheets, as Defendants have done with Exhibit A, are unauthorized derivative works.

24.     The infringing activity relating to Rosebud's copyrights occurred prior to registration and within ninety (90) days of the effective date of registration.

25.     Defendants' mock-ups and commemorative products, such as the plaques featured in Exhibit A, use Rosebud's trademark, BALTIMORE magazine, without Rosebud's permission in a manner that is likely to cause confusion.

26.     The infringing activities are directed and controlled by the Oertels who, on information and belief, benefit pecuniarily from these infringing activities as principal owners of Professional Laminating.

### D. Defendants' Infringing Activities Regarding November 2010 Issue

27.     In addition to the infringing activity related to Rosebud's November 2011 periodical, Defendants have also marketed infringing products to Maryland residents featured in Rosebud's November 2010 periodical.  Attached as **Exhibit B** is a mailing from Defendants to Maryland residents featured in BALTIMORE magazine.

28.     Exhibit B contains images of plaques and other commemorative products that Defendants offer to sell.

29.     The images of the plaques and other commemorative products contain reproductions of the cover to Rosebud's November 2010 publication (Volume 103, Issue number 11) and use Rosebud's trademark, BALTIMORE magazine.

30.     The original of the reproduced cover, along with the entirety of Volume 103, Issue number 11, were registered with the United States Copyright Office.

31.     Defendants reproduced and distributed the cover contained in the mock-up plaques and commemorative products displayed in Exhibit B without Rosebud's permission.

32.     Creating the commemorative products from tear sheets, as Defendants have done with Exhibit B, are unauthorized derivative works.

33.    Defendants' mock-ups and commemorative products, such as the plaques featured in Exhibit A, use Rosebud's trademark, BALTIMORE magazine, without Rosebud's permission in a manner that is likely to cause confusion.

34.    The infringing activities are directed and controlled by the Oertels who, on information and belief, benefit pecuniarily from these infringing activities as principal owners of Professional Laminating.

## COUNT I
## COPYRIGHT INFRINGEMENT
### (Professional Laminating)

35.    Rosebud repeats and realleges each of the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

36.    At all relevant times hereto, Rosebud has and continues to be the holder of the pertinent valid and exclusive copyrights for each of the periodicals it publishes including BALTIMORE magazine, the pages of which are comprised of print, photographs, illustrations and protectable layouts.

37.    Defendant violated Rosebud's exclusive rights to reproduce and distribute and create derivative works from pages of BALTIMORE magazine by copying and marketing and mailing mockups of plaques and other commemorative products containing pages from BALTIMORE magazine to prospective customers and by fabricating pages from BALTIMORE magazine into plaques and other commemorative products.

38.    Defendant's acts constitute infringement of Rosebud's exclusive copyrights protected under the Copyright Act of 1976 (17 U.S.C. §§ 101, *et seq.*).

39.    Defendant's acts of infringement are intentional, willful, malicious, and in disregard of and with indifference to the rights of Rosebud.

40.     As a result of Defendant's infringement of Rosebud's exclusive rights under copyright, Rosebud is entitled to relief pursuant to 17 U.S.C. § 504 and to its attorneys' fees and costs pursuant to 17 U.S.C. § 505.

41.     The conduct of Defendant causes and, unless enjoined and restrained by this Court, will continue to cause Rosebud great and irreparable injury that cannot fully be compensated or measured in compensatory damages.

42.     Pursuant to 17 U.S.C. §§ 502 and 503, Rosebud is entitled to injunctive relief prohibiting Defendant from further infringing Rosebud's copyrights and ordering that Defendant destroy all copies of Rosebud's publications made in violation of Rosebud's copyrights as it has no adequate remedy at law, the balance of hardships favor Rosebud and the public interest would thereby be served.

## COUNT II
## TRADEMARK INFRINGEMENT
### (Professional Laminating)

43.     Rosebud repeats and realleges each of the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

44.     The aforesaid acts of Defendant constitute infringement of Rosebud's trademark, BALTIMORE magazine in violation of 15 U.S.C. § 1125(a).

45.     Upon information and belief, the aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception. There is no valid or legitimate reason for Defendant to use Rosebud's BALTIMORE magazine mark.

46.     Defendant's infringing acts, if allowed to continue, will cause serious damage to Rosebud's business, goodwill and profit, will cause confusion among its readers and others, including those people who view plaques and other commemorative

8

products purchased from Defendant in the offices or homes of the buyers thereof and who do not know that the plaques and commemorative products were not sold or produced by Rosebud.

47.     The aforesaid acts of Defendant have and are likely to continue to cause confusion, mistake or deception among purchasers of plaques and commemorative products produced and sold by Defendant, and by those persons who are not buyers but who view the plaques and commemorative products, who will likely be confused into believing that Defendant's products originate from, or are in some way affiliated with, endorsed or sponsored by, Rosebud.

48.     The aforesaid acts of Defendant constitute use in commerce of a reproduction and copy of the BALTIMORE magazine mark and Defendant's uses are false designations of origin and false descriptions and representations as to the source and inherent quality of those products.

49.     Upon information and belief, Defendant's aforesaid acts were undertaken willfully and with the intention of causing confusion, mistake or deception.

50.     By reason of the acts of Defendant alleged herein, Rosebud has suffered and will continue to suffer irreparable damage and, unless Defendant is restrained from continuing these wrongful acts, the damage to Rosebud will increase.

51.     Rosebud has no adequate remedy at law, the balance of hardships favor Rosebud and preventing use by Defendant of the BALTIMORE magazine mark is in the public interest.

**COUNT III**
**UNFAIR COMPETITION**
**(Professional Laminating)**

52.     Rosebud repeats and realleges each of the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

53.     Upon information and belief, Defendant's imitation and infringement of Rosebud's mark are intentional and are calculated to deceive Rosebud's customers, and others, and has misled, and will mislead to the diminution of said business and profits and goodwill of Rosebud.

**COUNT IV**
**VICARIOUS COPYRIGHT AND**
**TRADEMARK INFRINGEMENT**
**(the Oertels)**

54.     Rosebud repeats and realleges each of the allegations contained in paragraphs 1 through 34 as if fully set forth herein.

55.     At all relevant times the Oertels were the managing members of Professional Laminating and as such they controlled the infringing activities of Professional Laminating and benefitted financially from those infringing activities.

**PRAYER FOR RELIEF**

**WHEREFORE**, Rosebud prays for relief against each of the Defendants as follows:

**A.      Copyright**

1.     That this Court, pursuant to the powers granted it under 17 U.S.C. § 502, grant permanent injunctive relief enjoining and restraining Professional Laminating, the Oertels, and their officers, agents, servants, employees and related companies, and all persons acting for them, from directly or indirectly infringing Rosebud's rights in its

10

BALTIMORE magazine periodical, and any other periodical, whether now in existence or later created, that is owned or controlled by Rosebud by reproducing, copying or creating derivative works from any copyrighted work owned by Rosebud.

2.      That this Court, pursuant to the powers granted it under 17 U.S.C. § 503, order that all copies of Rosebud's periodicals that Professional Laminating and/or the Oertels have reproduced or transferred onto any physical medium without Rosebud's authorization that are in their possession, custody or control be delivered to Rosebud and/or destroyed.

3.      That Professional Laminating and/or the Oertels file with the Court and serve upon Rosebud's counsel within thirty (30) days after the entry of judgment, a report in writing under oath setting forth in detail the manner and form in which they have complied with the requirements of the Injunction and Order.

4.      That this Court, pursuant to the powers granted it under 17 U.S.C. § 504, award to Rosebud, against Professional Laminating and the Oertels the profits earned by Professional Laminating and/or the Oertels, and Rosebud's actual damages, or statutory damages, at the election of Rosebud, but in no event for an amount less than $150,000 per infringement.

## B.      Trademark and Unfair Competition

5.      That this Court, pursuant to the powers granted it under 15 U.S.C. § 1116, grant permanent injunctive relief enjoining and restraining Professional Laminating, the Oertels, and their officers, agents, servants, employees and related companies, and all persons acting for them, from directly or indirectly using the BALTIMORE magazine trademark, including any variations thereof, or any other trademark, trade dress, logo or

design similar to Rosebud's BALTIMORE magazine trademark that is likely to cause confusion, mistake or deception with the BALTIMORE magazine trademark.

6.     That this Court, pursuant to the power granted it under 15 U.S.C. § 1118, order that all goods, labels, signs, prints, plaques, packages, advertisements and any other materials, in the actual or constructive possession of Professional Laminating, the Oertels and/or any of their agents, officers, servants and employees, bearing the trademark BALTIMORE magazine, and all plates, molds, matrices and other means of making the same, be delivered to Rosebud and/or destroyed.

7.     That Professional Laminating and the Oertels file with the Court and serve upon Rosebud's counsel within thirty (30) days after the entry of Judgment, a report in writing under oath setting forth in detail the manner and form in which they have complied with the requirements of the Injunction and Order.

8.     That this Court, pursuant to the powers granted it under 15 U.S.C. § 1117, award to Rosebud and against Professional Laminating and the Oertels the profits earned by Professional Laminating and/or the Oertels, Rosebud's damages, and the costs of this action and attorneys' fees.

## C.     **Accounting and Attorneys' Fees**

9.     That the Court order an accounting of all profits that Professional Laminating and/or the Oertels derived from their infringing activities and unfair competition.

10.     That the Court, pursuant to the powers granted it under 15 U.S.C. §1117 and 17 U.S.C. § 505, award Rosebud attorneys' fees.

11.   That the Court award all other such and further relief as the Court deems just and proper.

Respectfully Submitted,


_/s/ Christopher J. Lyon_
James B. Astrachan, Bar No. 03566
Christopher J. Lyon, Bar No. 27443
Bryce W. Donohue, Bar No. 29829
ASTRACHAN GUNST THOMAS RUBIN, P.C.
217 East Redwood Street, Suite 2100
Baltimore, Maryland 21202
Telephone:  410.783.3550
Facsimile:  410.783.3530
jastrachan@agtlawyers.com
clyon@agtlawyers.com
bdonohue@agtlawyers.com
_Attorneys for Plaintiff_

# EXHIBIT B
# TO AMENDED COMPLAINT

**PROFESSIONAL RECOGNITION**

10% OFF ORDERS OF TWO OR MORE

Congratulations on your recognition in *Baltimore Magazine, Top Doctors*.

Being included in the list of "best" is a noteworthy accomplishment to be applauded! Professional Recognition is offering to create a custom commemorative display for you made from the finest, most durable materials. This beautiful display for your place of business is a perfect way to advertise your success and enhance company pride.

Professional Recognition Products $129 Each

---

PROFESSIONAL RECOGNITION   233 E. Johnson St., Suite M · Cary, NC 27513
Call us toll free at 1-866-654-0404 EST from 8am to 5pm
www.professionallaminating.com

**CUSTOM PLATE FOR PLAQUE / CRYSTAL**
(Please print name and optional specialty exactly as you would like it to appear)

Doctor's Name: _____

Optional Specialty: _____

10% Discount on orders of two or more.
(sales tax for NC residents only).

**Payment Information — CHECK, MONEY ORDER or CREDIT CARD**

☐ VISA   ☐   ☐   ☐ Send invoice with Plaque

Card #_____

Name (as it appears on card)_____

Expires_____ Daytime Phone_____

Address_____

City_____ State_____ Zip_____

Ship to (if different from address provided above)   Orders are shipped FedEx within 2 weeks

Name_____

Address_____

City_____ State_____ Zip_____

**DEFENDANT'S EXHIBIT**
C

To complete your order, FAX this form to 919-465-0404 or
MAIL it with your check or money order payable to:
Professional Recognition, 233 E. Johnson St., Suite M, Cary, NC 27513

---

**Plaque for: Baltimore Magazine, Top Doctors 11-10**

Professional Recognition is not affiliated, connected or associated with any magazine or publication.

**PLAQUE SPECIFICATIONS:**   Plaque Quantity _____ X 129.00
Free Shipping

Please Choose Plaque Design and Background Color:

☐ SOLID BLACK   ☐ BLACK MARBLE   ☐ MAHOGANY   ☐ OAK   ☐ WALNUT

☐ 1   ☐ 2   ☐ 3   ☐ 4

**CRYSTAL SPECIFICATIONS:**   Crystal Quantity _____ X 129.00
Free Shipping

Please Choose Crystal Design and Background Color:

☐ BLACK MARBLE   ☐ GREEN MARBLE   ☐ RED MARBLE   ☐ GOLD MARBLE   ☐ BLUE MARBLE

☐ 1   ☐ 2   ☐ 3   ☐ 4   ☐ 5

## NEW PROFESSIONAL RECOGNITION
## CRYSTAL GLASS DESK DISPLAY



*Doctor's Name Here*
*Featured in Baltimore Magazine*
*November 2010*

*Also Available with other designs*






### CRYSTAL SPECIFICATIONS:

- Solid Crystal Glass with a unique design
- Desk top size 5"x27"x12" thick wedge 1.5" thick at base
- Displays your name, publication and date
- Perfect for any desk, bookshelf, home or office

## PROFESSIONAL RECOGNITION
## SOLID WOOD PLAQUES








### PLAQUE SPECIFICATIONS:

Name Plate – Gold • Finish – Satin
Approximate Dimensions – 12"w x 16"h x ½" thick

- Scratch resistant surface
- Lifetime guarantee
- Comes ready-to-hang, with a non-glare satin finish
- 15 day unconditional money-back guarantee

Professional Recognition is not affiliated, connected or associated with any magazine or publication.